UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A.S.,

                    Petitioner,

        v.

JULIO HERNANDEZ, *et al*.,

                    Respondents.

Case No. C26-1427-MLP

ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

Petitioner A.S. is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. (*See* dkt. # 1.) He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from immigration custody. (*Id*.) Petitioner has also filed a motion for leave to proceed under a pseudonym and for a protective order. (Dkt. # 5.) Specifically, Petitioner requests that he be permitted to proceed using only his initials, that he be referred to by his initials in all pleadings and other documents related to this case, that documents containing his actual name be filed in redacted form, and that Respondents be prohibited from disclosing any personally identifying information that could lead to his identification. (*Id.*) Petitioner cites as the reason for his request a pending application for immigration status under the Violence Against Women Act, "based on

ORDER GRANTING PETITIONER'S MOTION
FOR LEAVE TO PROCEED UNDER PSEUDONYM
AND FOR PROTECTIVE ORDER - 1

extreme cruelty suffered by petition[er] A-S- at the hands of his adult U.S. citizen child," that is related to this action. (*See id.* at 2.) Respondents have not opposed Petitioner's motion.

The Federal Rules of Civil Procedure generally require that all parties to a lawsuit be identified by name. *See* Fed. R. Civ. P. 10(a). However, the Ninth Circuit allows a party to proceed anonymously "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Such circumstances can include "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Id.* (citation and quotation marks omitted); *see also id.* at 1067-68 (recognizing that a party may use a pseudonym "in the unusual case when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment" (citation and quotation marks omitted)).

The Court finds, based on Petitioner's stated concerns and the allegations in his petition, that his need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing Petitioner's identity. Accordingly, the Court ORDERS as follows:

(1)     Petitioner's motion to proceed under a pseudonym and for a protective order (dkt. # 5) is GRANTED. Petitioner may proceed herein under the pseudonym A.S.

(2)     Petitioner shall be referred to by his initials on the docket and in all documents related to this action, and documents containing A.S.'s actual name shall be filed in redacted form.

(3)     Respondents shall not disclose any personally identifying information that could lead to Petitioner's identification.

ORDER GRANTING PETITIONER'S MOTION
FOR LEAVE TO PROCEED UNDER PSEUDONYM
AND FOR PROTECTIVE ORDER - 2

(4)    The Clerk shall send copies of this Order to all counsel of record.

DATED this 8th day of May, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING PETITIONER'S MOTION
FOR LEAVE TO PROCEED UNDER PSEUDONYM
AND FOR PROTECTIVE ORDER - 3